1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMOTHY HALL,

11              Plaintiff,                        No. CIV S-09-0820 KJM P

12       vs.

13   J. POPOVITS, et al.,

14              Defendants.                       ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $1.90 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

                                                 1

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct.

2

1   2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff.  See

2   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

3            The complaint in this case presents three claims.  First, plaintiff alleges that

4   defendant Popovits violated plaintiff's right to due process under the Fourteenth Amendment

5   during a disciplinary hearing at which plaintiff was found guilty of promoting gang activity.  He

6   claims the violation occurred when Popovits, the senior hearing officer, refused to allow certain

7   evidence to be presented.  Second, plaintiff alleges he has been harassed by unwarranted strip

8   searches in violation of the Eighth Amendment.  Third, he alleges a practice of pre-determined

9   findings of guilt in disciplinary proceedings, which plaintiff characterizes as "an underground

10  policy" created by defendant Haviland, the warden at CSP-Solano.  See Compl., addendum at 2.

11  This last charge is not alleged under any specific constitutional provision, but the court construes

12  it as one averred as a violation of the right to due process under the Fourteenth Amendment.  See

13  Wolff v. McDonnell, 418 U.S. 539 (1974).

14            1.  Refusal of Evidence at the Disciplinary Hearing

15            The disciplinary charge of promoting gang activity was brought against plaintiff

16  after prison officials found three strips of paper, known as "wilas," secreted in the air vent over

17  plaintiff's cell.  The papers contained handwritten information about the "Nortendo Sodados"

18  prison gang.  At the hearing, plaintiff made three requests that are now the subject of his

19  complaint: (1) he requested that the papers be subjected to fingerprint and handwriting analyses;

20  (2) he requested a polygraph test; and (3) he requested that his cell mate, Librado Fortanel II, be

21  called as a witness.  Plaintiff claims that Popovits' refusals of these requests denied him the right

22  to present evidence at a disciplinary hearing.

23  /////

24  /////

25  /////

26  /////

1    Even construing these allegations in the light most favorable to plaintiff, the court

2  finds that they present no arguable basis as a due process claim.  As to the scientific tests and

3  analyses that plaintiff requested, another district court in California has stated that

4    [c]ourts confronting due process claims based on prison officials' denial of
    requests for fingerprinting and other scientific analyses have concluded that the

5    minimal procedural guarantees prescribed by Wolff do not encompass a right to
    have evidence tested for fingerprints or subjected to similar scientific analyses.

6

7  Barboza v. Kelsey, 2008 WL 2512785 at *11 (C.D.Cal. 2008).  Under Wolff, a prisoner has a

8  due process right to present evidence that he has gathered himself, in his own defense of

9  disciplinary charges.  A prisoner does not have a due process right to scientific testing of that

10  evidence or of other evidence that is presented against him.  Similarly, there is no federal due

11  process right to polygraph testing in defense of disciplinary charges.  See Freitas v. Auger, 837

12  F.2d 806, 812 n.13 (8th Cir. 1988) (holding that under Wolff an inmate was not entitled to

13  polygraph testing regarding whether he participated in planning or furthering escape); Miller v.

14  Brown, 2007 WL 2512785, at 7-8 (D.N.J. 2007).  Therefore, the complaint, to the extent it

15  alleges a due process violation for refusing to allow any scientific or polygraph testing, will be

16  dismissed.

17    As to plaintiff's request to call Fortanel to testify on his behalf, an inmate facing

18  disciplinary proceedings does have the right to call witnesses.  See Wolff, 418 U.S. at 566.

19  However, this right is "circumscribed by the necessary 'mutual accommodation between

20  institutional needs ... and the provisions of the Constitution.'"  Baxter v. Palmigiano, 425 U.S.

21  308, 321 (1976) (quoting Wolff, 418 U.S. at 556, 566).  A prison disciplinary body may refuse to

22  accept evidence for "irrelevance, lack of necessity, or the hazards presented in individual cases."

23  Baxter, 425 U.S. at 321.

24    At the hearing, plaintiff presented a written statement by Fortanel, signed under

25  penalty of perjury, in which Fortanel admitted the contraband papers were his and that plaintiff

26  knew nothing about them.  See Aff. of Librado Fortanel II (attached to the complaint at Exhibit

4

A).  According to the official record of the hearing, which plaintiff has attached as an exhibit to

his complaint,

> [i]nmate Hall stipulated that if present inmate Fortanel would
> provide the same statement verbally.  Based on inmate Hall's
> current housing status on Administrative Segregation coupled with
> the fact that inmate Fortanel would not be asked to provide any
> additional information to what was already provided in this written
> statement, the request for inmate Fortanel's presence at the hearing
> was denied by [defendant Popovits]....

Rules Violation Report – Part C (attached to the complaint at Exhibit A).  The Ninth Circuit has

held that where an attachment to a complaint proves fatal to a claim as pled, dismissal for failure

to state a claim is appropriate.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th

Cir. 2001).  That is the case here: the record of the hearing establishes that, by plaintiff's own

account, Fortanel would have nothing to add to his sworn, written statement were he called as a

witness.  The Supreme Court has expressly allowed a prison disciplinary body the discretion to

reject calls for witnesses on the basis of "lack of necessity."  See Baxter, supra.  Therefore

plaintiff's own filing establishes that no due process violation occurred when defendant Popovits

refused the request to call Fortanel.[1]

## 2. Unnecessary Strip Searches

Plaintiff's second claim is that defendant Haviland, the warden at CSP-Solano,

"has ordered prison staff to conduct constant and aimless unclothed body searches" on him and

other Northern California Hispanic inmates "for no other reason than the class are all Northern

California Hispanic inmates."  Compl., addendum at 1.  Plaintiff alleges that he "has been forced

to strip naked in the cold" and that "these searches are being done for harassment ... and serve no

legitimate penological goal."  Id. at 2.

/////

---

[1] Moreover, Hall does not claim that the written statement was excluded or ignored at the hearing.  There is nothing to suggest that the substance of Fortanel's statement was not before the senior hearing officer.

1    The court finds that this section of the complaint states a cognizable claim for

2 relief against defendant Haviland, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If

3 the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on

4 the merits of this action.  However, to the extent plaintiff seeks relief for a policy that targets

5 Northern California Hispanic inmates as a "class," as he puts it in his complaint, there is no

6 claim. Compl., addendum at 1.  It is well established that a layperson cannot ordinarily represent

7 the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule

8 becomes almost absolute where, as here, the putative class representative is incarcerated and

9 proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  Plaintiff cannot

10 "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the

11 Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).

12 This action, therefore, will not be construed as a class action and instead will be construed as an

13 individual civil suit brought by plaintiff.

14            3.  Pre-determined Results in Disciplinary Proceedings

15    Finally, plaintiff alleges that defendant Haviland "has created ... an underground

16 policy" with respect to the practice of disciplinary proceedings at CSP-Solano that "has

17 superceded any authority vested to him by state law."  Compl., addendum at 2.  This section of

18 the complaint appears to allege a policy of pre-determining the outcome of disciplinary

19 proceedings based not on evidence but on "initial reasons for [a prisoner] being placed in

20 administrative segregation" or if a hearing officer believes an inmate has "constructive

21 knowledge that a CDCR rule is being violated."  Id.

22    In some circumstances the vague wording of this claim against Haviland would

23 warrant dismissal with leave to amend the complaint with directions to plaintiff to give more

24 specificity to the claim.  However, the court finds these allegations against defendant Haviland

25 contain no "facial plausibility... that allows the court to draw the reasonable inference that the

26 defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  While the subversion

of the disciplinary process by a prison official could in some cases amount to a violation of due process, in this case the attachment of the official record of plaintiff's hearing on charges of promoting gang activity defeats any plausible claim that a pre-determined result was in effect here.  The record submitted by plaintiff shows that, in addition to the papers found in the air vent over plaintiff's cell, there was evidence that the search of the cell was precipitated when he was observed in possession of suspected "wilas," refused to turn them over when ordered to do so and instead flushed them down the toilet.  Rules Violation Report – Part C.  The record of the hearing attached to the complaint therefore supports the charge of promoting gang activity for which plaintiff was disciplined, and no due process claim alleging a pre-determined result in that hearing can lie.  See Sprewell, supra.

Therefore, all claims will be dismissed except for the claim against defendant Haviland that plaintiff was harassed by an alleged practice of unnecessary strip searches.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $1.90.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  All claims are dismissed except for the claim against defendant Haviland that plaintiff was harassed by an alleged practice of unnecessary strip searches.

4.  Service is appropriate for defendant J. Haviland.

5.  The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the complaint filed March 25, 2009.

/////

/////

/////

1          6.  Within thirty days from the date of this order, plaintiff shall complete the

2    attached Notice of Submission of Documents and submit the following documents to the court:

3          a.  The completed Notice of Submission of Documents;

4          b.  One completed summons;

5          c.  One completed USM-285 form for the defendant listed in number 4

6          above; and

7          d.  Two copies of the endorsed complaint filed March 25, 2009.

8          7.  Plaintiff need not attempt service on defendants and need not request waiver of

9    service.  Upon receipt of the above-described documents, the court will direct the United States

10   Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4

11   without payment of costs.

12   DATED: September 2, 2009.

13   _____

14   U.S. MAGISTRATE JUDGE

18   4

hall0820.1.new

8